Manouchehr F. **MANIZANI**, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3052.

United States Court of Appeals,
Federal Circuit.

May 14, 2002.

Before MAYER, Chief Judge, NEWMAN, and CLEVENGER, Circuit Judges.

PER CURIAM.

Manouchehr F. Manizani, appearing *pro se*, seeks review of the decision of the Merit Systems Protection Board denying Mr. Manizani's application for an annuity under the Civil Service Retirement System ("CSRS") and his request to redeposit a prior civil service refund. *Manizani v. Office of Personnel Management*, Docket No. SF0831010278–I–1, 2001 WL 1090201 (September 13, 2001). We *affirm-in-part* and *remand* for the limited purpose of determining the effect of the portion of his retirement contributions that was, apparently by error, retained by the government.

## BACKGROUND

After approximately twenty-three years of Federal service in Tehran, Iran, Mr. Manizani was issued a termination notice on April 28, 1979, at the time when the U.S. Embassy was being evacuated due to the Iranian Revolution. On May 14, 1979, Mr. Manizani signed a Standard Form 2802, Application for Refund of Retirement Deductions, which provided for refund of the full amount of his accumulated retirement contributions plus interest. Under the heading "NOTICE TO APPLICANT" the form listed three points, including the following:

1. If you have more than 5 years of service you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed subject to the Civil Service Retirement Act.

The signature line was preceded by the following printed statement: "I have read and understand the statements in the above Notice to Applicant." A refund of

$7,190.33 was authorized for Mr. Manizani on June 5, 1979, and duly received.

On October 4, 2000, Mr. Manizani submitted an "Application for Deferred Retirement" to the Office of Personnel Management. OPM denied the annuity on the ground of forfeiture, citing the executed Form 2802, but acknowledged that he was entitled to an additional refund of contributions in the amount of $762.55 for funds that were erroneously omitted from the original refund.

Mr. Manizani appealed the denial to the Board. The Board held that Mr. Manizani had forfeited his annuity rights for the period of service covered by the refund of his retirement contributions, and that he was ineligible to redeposit his refund because he was not a covered employee at the time of his request. The Board did not discuss the effect, if any, of the retained $762.55, and Mr. Manizani does not raise any question concerning this sum.

## DISCUSSION

The Board's decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

### A

The statute provides that the opportunity to redeposit a refunded annuity contribution is limited to current employees. 5 U.S.C. § 8334(d)(1) ("Each employee ... who has received a refund of retirement deductions under this [system] for which he may be allowed credit under this subchapter may deposit the amount received, with interest."); 5 U.S.C. § 8342(a) ("the receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee or Member is reemployed in the service subject to this subchapter.") Mr. Manizani was not reemployed during the time that he sought to reestablish his right to an annuity. Thus, the Board correctly held that Mr. Manizani was not eligible to redeposit his refunded contributions.

Mr. Manizani states that when he signed Form 2802 he did not understand the form and the forfeiture associated with it. He states that he was under intense pressure and in a situation of grave danger due to the turmoil in Iran and the evacuation of the Embassy, and "could not have been in a reasonable or appropriate mind frame to deal with the practical matters of employee issues, especially without any guidance." He states that his signing of the form "seemed fraudulent" because all of the blanks on the form had been filled in for him with the exception of the signature line.

Although we take notice of the extreme tenseness of the situation in Iran as the United States Embassy was evacuated, there is no evidence of mental incompetence, duress, or fraud. *See, e.g., Collins v. Office of Personnel Management,* 45 F.3d 1569, 1573 (Fed.Cir.1995). Mr. Manizani received a lump-sum refund of retirement contributions, and raised no complaint for more than twenty years. Although Mr. Manizani told the MSPB that he did not know what the check was for, the administrative judge found that these assertions did not outweigh the existence of the signed Form 2802 and its clear notice of its purpose and effect. This finding is supported by the evidence, and must be affirmed.

**B**

OPM, in its February 15, 2001 reply to Mr. Manizani's request for reconsideration, reported an error in the refund issued in 1979, and that Mr. Manizani was "entitled to a refund of contributions in the amount of $762.55." Colonel Mikkelson, writing to OPM on Mr. Manizani's behalf, suggested that "what remaining funds that might exist in his retirement fund validate his entitlement to a fully tenured retirement." The record does not show a response from OPM. The Board did not examine the effect of these retained funds on Mr. Manizani's entitlement to at least a partial annuity based on those contributions. We remand for the purpose of considering this question.

No costs.